IN THE UNITED STATES DISTRICT COURT
ESTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:22-cr-297-2-SRC ) |
| LEWIS REED, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW Defendant, Lewis Reed, by and through counsel, and files the following objection to the Presentence Investigation Report:

**Objection 1, Paragraphs 71 and 135**:

Paragraphs 71 and 135 claim Reed owes $18,500 in restitution to the Federal Bureau of Investigation (FBI) for investigative funds expended in the instant sting operation.

District courts must "order restitution to each victim in the full amount of each victim's losses…." 18 U.S.C. § 3664(f)(1)(A). But restitution is due only to "victims" and only for their "losses." Here, the FBI is not "victim," and it did not suffer a "loss" in connection with the investigative funds it expended. *See United States v. Cook*, 406 F.3d 485, 489 (7th Cir. 2005) (noting "buy money was an investigatory expense rather than property taken from, or damage to the property of, a victim of the defendant's crime"); *United States v. Gibbens*, 25 F.3d 28, 25 (1st Cir. 1994) ("To sum up, nothing in the legislative history of either the organic Act or its amendments indicates that losses incurred in government sting operations should be subject to recoupment under the VWPA."); *United States v. Gall*, 21 F.3d 107, 112 (6th Cir. 1994) (observing "investigative costs are not losses, but voluntary expenditures by the government for

1

the procurement of evidence."); *United States v. Salcedo-Lopez*, 907 F.2d 98-99 (9th Cir. 1990) (holding "[t]he costs of investigating and prosecuting an offense are not direct losses for which restitution may be ordered," and "the government is not a victim under the [Victim and Witness Protection Act]" when it gets the evidence for which it pays).

The FBI is thus not entitled to restitution in this case. That said, the parties will agree to a fine equal to the amount of the bribes Reed received and notify this Court of that amount prior to sentencing.

Respectfully submitted,

By:   */s/ Adam D. Fein*

Adam D. Fein, # 52255 MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332
afein@rsflawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Hal Goldsmith, Assistant United States Attorney.