IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:22-CR-00297-2 SRC |
| ) | |
| LEWIS REED, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR SENTENCE REDUCTION PURSUANT TO
18 U.S.C. § 3582 AND RETROACTIVE AMENDMENT 821, USSG**

COMES NOW Defendant, Lewis Reed, through his appointed attorney, Nicole M. Johnston, and moves, pursuant to 18 U.S.C. § 3582(c), Sentencing Guidelines §1B1.10 and Amendment 821, for a reduction of the 45-month sentence this Court imposed on December 6, 2022. For the reasons stated below, Defendant asks that the Court reduce his sentence to 30 months or to a lower sentence within the new range as stated below. In support of this motion he states:

1. On August 26, 2022, Defendant entered pleas of guilty to Theft or Bribery Concerning Programs Receiving Federal Funds (Count 2), and Use of Interstate Facilities in Aid of Acceding to Corruption and Official Misconduct in a Racketeering Enterprise (Count 4). See Presentence Investigation Report at 4.

2. At the December 6, 2022 sentencing hearing, this Court found that Reed's base offense level was 14 and the total offense level was 21. The Court determined that Defendant had zero criminal history points and, thus, his Criminal History Category was

1

I, producing a suggested Guidelines imprisonment range of 37 to 46 months. Reed is currently serving the 45 month sentence and the Bureau of Prisons projects his release date as November 7, 2025.

     3. Reed is eligible for a reduction of his sentence by retroactive application of Amendment 821 to Chapter Four of the Guidelines (Amendment 8 of the amendments submitted to Congress on April 27, 2023) pursuant to 18 U.S.C. § 3582(c) and policy statement § 1B1.10.[1] Specifically, Subpart 1 of Part B of the amendment creates a new Chapter Four guideline at § 4C1.1 (Adjustment for Certain Zero-Point Offenders). New § 4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors. Reed meets the eligibility criteria identified by the Commission.[2]

---

[1] Chapter Four of the Guidelines was amended effective November 1, 2023 providing for targeted, evidence-based changes to certain criminal history rules. See USSG Amendment 821. The Sentencing Commission has determined that both parts of the criminal history amendment are retroactive – regarding "Status Points" (Part A) and "Zero Point Offenders" (Part B, Subpart 1) – for purposes of the policy statement USSG § 1B1.10.

[2] (1) Defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. USSG § 4C1.1(a)(Nov. 1, 2023).

4. In establishing new § 4C1.1, the Commission was informed by its studies of recidivism among federal offenders, as well as other extensive data analysis of offenders with no criminal history points, and public comment. This recidivism data shows that "offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point."[3] Among other findings, it concluded that "zero-point offenders were less likely to be rearrested than "one point" offenders.[4] The amendment applies to offenders with no prior convictions, offenders who have prior convictions that are not counted because they were not within the time limits set forth in §4A1.2, and offenders who have prior convictions that are not used in computing the criminal history score for reasons other than their "staleness" (e.g., minor misdemeanor convictions, or infractions and foreign or tribal court sentences,). According to the Commission, "[a]pplying these changes retroactively will increase fairness in sentencing."

5. As amended, § 4C1.1 reduces Reed's total offense level by two levels resulting in a total offense level of 19 and a lower Guideline range of 30 to 37 months, based on a Criminal History Category of I.

6. Reed respectfully requests the Court reduce the sentence originally imposed pursuant to Amendment 821. Reed requests that the Court impose an amended sentence

---

[3] See Reason for Amendment, 2023 Amendments to the Sentencing Guidelines submitted to Congress April 27, 2023, at 107, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/federal-register-notices/202305_FR.pdf

[4] *Id.*

of 30 months imprisonment or a sentence that is less than 45 months and that is within the new guideline range.

7. Section 3582(c)(2) authorizes the district court to re-calculate Defendant's sentencing range under the amendment and determine an appropriate sentence in accordance with the applicable § 3553(a) factors. The policy statement § 1B1.10 provides that courts have discretion in determining whether, and to what extent, to reduce the sentence for any person eligible to be considered for retroactive application of an amended Guideline. Courts may also consider a defendant's conduct while incarcerated. USSG § 1B1.10, comment. (n.1).

8. The sentence of 45 months represented approximately 88.8% of the original guideline range (37 months to 46 months). Should this Court determine Defendant should receive a reduction and should it seek to maintain a comparable sentence within the new range, a commensurate increase with regard to the new guideline range would result in a sentence of 36 months imprisonment and an estimated release date of February 7, 2025.

9. Counsel is aware of the serious nature of this case. However, Reed has accepted responsibility for his actions and has already made a positive impact since arriving at FCI Forrest City. Reed has been selected as the senior town driver; a job held only by the most trusted inmate in the federal system. Reed regularly drives released inmates to halfway houses, bus stations, and airports in Arkansas, and out of state to Memphis, Tennessee. When in route, Reed discusses life skills with the other inmates, such as job training programs, steps to apply for health insurance, available drug and counseling services, and resources for starting small businesses. Reed often reminds the other inmates that

although they have been incarcerated, what will determine their future is not the felony charge but what they do moving forward. Reed has remained a model inmate while in BOP and has incurred no known conduct violations.

10. On January 16, 2024 the Probation office notified the Court that, as amended, Defendant's total offense level is 19 and sentencing range is 30 to 37 months. Defendant agrees with this analysis.

WHEREFORE, as Defendant qualifies for a sentence reduction under Amendment 821, it is respectfully requested that the Court enter an amended Judgment reducing Defendant's sentence to 30 months imprisonment or to a sentence lower than 45 months but within the new range of 30-37 months.

Respectfully submitted,

/s/ *Nicole M. Johnston*
Nicole M. Johnston, #68749MO
P.O. Box 440143
St. Louis, Missouri 63144
(314) 440-2548
nicolejohnston5@gmail.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Attorney.