UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CR-297-2 SRC |
| LEWIS REED, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION
FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582 AND
RETROACTIVE APPLICATION OF AMENDMENT 821**

COMES NOW the United States of America, by and through undersigned counsel, and opposes Defendant's Amended Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 821, Doc. 172, for the following reasons:

**POSITION**

The Government agrees Part B to Amendment 821 lowers the applicable guideline range in this case, and thus, the Court may consider whether to reduce the sentence under 18 U.S.C. § 3582(c)(2). Specifically, the newly created U.S.S.G. § 4C.1.1(c) provides for a 2-level reduction to Defendant's total offense level, resulting in a sentencing range of 30-37 months—a reduction from the previously applied range of 37-46 months.

Despite the Defendant's eligibility, the Government does not believe a reduction is warranted under Section 3553(a). In particular, the Defendant's offense conduct was egregious, involving a significant breach of public trust, and a lesser sentence would undermine the goal of general deterrence for other public officials. Accordingly, as it has with Defendant's accomplices, the Government opposes any reduction in this case.

1

## ARGUMENT

I. **Authority to Reduce a Sentence**

"Providing a rare exception to the finality of criminal judgments, § 3582(c)(2) allows a district court to reduce . . . a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," subject to certain restrictions. *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Any such reduction must be both "consistent with applicable policy statements issued by the Sentencing Commission" and appropriate in light of the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2). "The applicable policy statement, U.S.S.G. § 1B1.10, provides that a defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in § 1B1.10(d), such as Amendment [821]." *Koons*, 850 F.3d at 976. Under the same guideline, "[t]he extent of a § 3582(c)(2) reduction is normally limited to the bottom of the amended guidelines range." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

As relevant here, in Subpart 1 of Part B to Amendment 821, the Sentencing Commission created a new Chapter 4 guideline providing for a 2-offense-level reduction for certain offenders with zero criminal history points. Specifically, U.S.S.G. § 4C1.1(a) directs the Court to "decrease the offense level determined under Chapters Two and Three by 2 levels" if "the defendant did not receive any criminal history points from Chapter Four, Part A," provided that the instant offense did not involve any of nine aggravating factors.[1] However, the Sentencing Commission also recognized this reduction should be offset with an upward departure where it "substantially underrepresents the seriousness of the defendant's criminal history." U.S.S.G. § 4C1.1 cmt. n.2.

---

[1] The adjustment does not apply in cases involving: terrorism enhancements, the use or credible threat of violence, death or serious bodily injury, sex offenses, substantial financial hardship, firearms or dangerous weapons, offenses involving individual rights, hate crimes or serious human rights offenses, and leadership-role or criminal-enterprise enhancements. *See* U.S.S.G. § 4C1.1(a)(2)–(10).

2

## II. Procedure for Sentence Reductions

Section 3582(c)(2) calls for a two-step inquiry.[2] *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). A sentencing court "must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* The defendant bears the burden of showing that a reduction is justified. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### a. Eligibility, Scope, and Timing

A defendant is eligible for a sentence reduction if: (1) a retroactive amendment would lower the defendant's original guideline range, and (2) the defendant did not previously receive a sentence at or below the bottom of the amended range (except for substantial assistance). *See* U.S.S.G. § 1B1.10(a)(2), (b)(2). In other words, at step one, "a court must begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *United States v. Thompson*, 641 F. App'x 641, 649 (8th Cir. 2016) (quotation and alterations omitted). In making this calculation, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* (quotation and alterations omitted).

"Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. "Courts generally may not reduce the defendant's term of imprisonment [below] the minimum of the amended guideline

---

[2] U.S.S.G. § 1B1.10(a)(3) states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing." *See also United States v. Bradford*, 697 F. App'x 479, 480 (8th Cir. 2017) ("Congress authorized only 'a limited adjustment to an otherwise final sentence . . . .'"). In addition, Rule 43(b)(4) provides that a defendant "need not be present" for proceedings involving a reduction of sentence under 18 U.S.C. § 3582(c). *See also Dillon*, 560 U.S. at 827–28 (finding no right to be present at such proceedings).

range." *Id.* (quotation omitted). And "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

Finally, the Sentencing Commission imposed a timing limitation on the sentence-reduction authority under Amendment 821: "The court shall not order a reduced term of imprisonment based on Part A . . . of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.* § 1B1.10(e)(2). As underscored in Application Note 7, any reduction that "does not comply with th[is] requirement . . . is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." That said, courts may conduct sentence-reduction proceedings before the implementation date, "provided that any order reducing the defendant's term of imprisonment has an effective date of February 1, 2024, or later." *Id.* § 1B1.10 cmt. n.7.

### b. Discretionary Assessment

Even otherwise eligible defendants are "not automatically entitled to a sentencing reduction pursuant to § 3582(c)(2)." *United States v. Granados*, 830 F.3d 840, 842 (8th Cir. 2016) (collecting cases). Rather, if a court reaches step two,[3] it "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Thompson*, 641 F. App'x 649–50 (quotation omitted). Specifically, the court "*must* . . . weigh public-safety concerns and *may* consider relevant post-sentencing conduct," good or bad. *United States v. Darden*, 910 F.3d 1064, 1067 (8th Cir. 2018) (citing U.S.S.G. § 1B1.10 cmt. n.1(B)) (emphasis added). And while "a court may not . . . make new factual findings that are inconsistent with the facts found at the original sentencing, . . . nothing prohibits [it] from considering new facts that it had no opportunity to address the first time around." *Id.*

---

[3] As the *Dillon* Court instructed, "[R]eference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry." 560 U.S. at 827. In other words, section 3582(c)(2) does not permit "plenary resentencing proceedings." *Id.*

4

As with any sentencing proceeding, the court "has substantial latitude to determine how much weight to give the various factors under § 3553(a) and may choose to give more weight to the aggravating factors" than the new guideline range. *Granados*, 830 F.3d at 842 (quotation and alterations omitted); *see also Jones*, 836 F.3d at 899 ("There is nothing illogical about a district court concluding that the . . . sentencing factors lead to imposition of the same sentence, even if one of the complex advisory guidelines determinants, here [criminal history], has been amended."). Indeed, even "[a]n agreement between the government and the defendant that a sentence reduction is appropriate does not bind the judge; nor is the judge's consideration of the question limited to the factors the parties regard as relevant." *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009). Thus, the Eighth Circuit has repeatedly upheld the denial of a reduction in sentence for eligible defendants based on a variety of considerations. *See, e.g.*, *United States v. Bradford*, 697 F. App'x at 481 (pre-sentencing behavior, including criminal history); *Jones*, 836 F.3d at 898 (uncharged criminal activity, post-sentencing conduct); *Granados*, 830 F.3d at 842 (violence during offense); *United States v. Boyd*, 819 F.3d 1054, 1055–56 (8th Cir. 2016) (prison conduct violations); *Thompson*, 641 F. App'x at 650 (community safety). Likewise, courts have discretion to grant a more limited reduction than what the Guidelines permit. *See, e.g.*, *United States v. Banderas*, 858 F.3d 1147, 1149 (8th Cir. 2017) (affirming reduction only to the top of the new guideline range); *United States v. Ramirez*, 807 F. App'x 591, 593 (8th Cir. 2020) (same for reduction to middle of range due to prison conduct violations).

**III.     Analysis**

As noted above, Defendant is eligible for a sentence reduction because Amendment 821 lowers the applicable guideline range. However, the sentencing factors militate against a discretionary reduction in sentence in this case.

5

The criminal conduct and abuse of trust perpetrated by this Defendant—the long-time President of the Board of Aldermen in the City of St. Louis—struck at the heart and soul of each resident of the City. At the time of the offenses, Defendant was the second highest elected official in the City of St. Louis. In his position, Defendant served on the all-powerful Board of Estimate and Apportionment along with the Mayor and the Comptroller, he and made discretionary decisions as to how City funds would be allocated and spent. As Defendant admitted in his guilty plea, he sold his high office for a series of cash bribes and campaign contributions in exchange for providing substantial financial benefits to a local business owner, all to the detriment of the citizens he was elected to serve. Through his Office, Defendant attempted to provide City trucking and hauling contracts to the business owner in exchange for cash bribes and campaign donations. PSR ¶ 66. Defendant was also instrumental in passing a Board Bill and City Ordinance that provided the business owner with a substantial Tax Abatement for a development project the business owner was building in the City, again in exchange for a series of additional cash bribes and campaign donations. PSR ¶¶ 39–48, 66.

Defendant's criminal conduct occurred over a lengthy period of time and involved multiple bribe payments related to the various aspects of his schemes. As this Court found, the nature and circumstances of Defendant's criminal conduct was substantial. His crimes were serious. This Court's sentence was based upon the clear need to promote respect for the law and to provide just punishment for Defendant's multiple offenses. Perhaps the most pertinent factor under Section 3553(a) for the Court's current consideration is the overwhelming need to deter, not only this Defendant, but individuals in similar positions of public service from engaging in this type of criminal corruption. *See Smith*, 2023 WL 4828690, at *4 ("This offense is a prime candidate for general deterrence, given the cold and rational approach to this scheme's risks and rewards."). A

6

reduction in Defendant's sentence at this time would have the exact opposite effect. *See United States v. Jeffrey Boyd*, No. 4:22-CR-296-SRC, Docs. 71–72 (denying similar request for a "zero-point offender" sentence reduction). This Court should also consider the intended losses that Defendant would have caused had his scheme not been discovered and foiled by the federal investigation. A central part of Defendant's scheme involved his taking official action in obtaining a Tax Abatement for the property referenced above, which the local business owner sought to develop in Co-Defendant John Collins-Muhammad's Ward. That plan would have abated the property taxes by 100% for a 10-year period, and by 50% for an additional 15-year period. PSR ¶ 43. This aspect of the scheme would have resulted in a loss to City residents in excess of $1,000,000, including a substantial loss in funding for the City's Public School system.

In sum, based upon its assessment of the pertinent sentencing factors under Section 3553(a), the Government opposes any sentence reduction in this case.

## CONCLUSION

WHEREFORE, the Government respectfully requests that the Court deny Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 821.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 /s/ *Zachary M. Bluestone*
ZACHARY M. BLUESTONE, #69004MO
HAL GOLDSMITH, #M032984
Assistant United States Attorneys
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that, on February 16, 2024, the foregoing was filed with the Court's electronic filing system for service upon all counsel of record.

                                                */s/ Zachary M. Bluestone*
                                                ZACHARY M. BLUESTONE, #69004MO
                                                Assistant United States Attorney